# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MICHAEL SHAEFFER,**
**Claimant Below, Petitioner**

**FILED**

May 7, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-0895** (BOR Appeal No. 2051845)
(Claim No. 2016024033)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael Shaeffer, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Murray American Energy, Inc., by Denise D. Pentino, its attorney, filed a timely response.

The issue on appeal is the addition of right shoulder osteoarthritis to the claim and authorization of physical therapy. In three separate Orders dated September 28, 2016, the claims administrator denied a request to add right shoulder osteoarthritis as a compensable condition in the claim, denied right shoulder physical therapy, and closed the claim for temporary total disability benefits[1]. The Office of Judges reversed the decision closing the claim for temporary total disability benefits and affirmed the remainder of the claims administrator's decisions in its February 22, 2017, Order. The Order was reversed, in part, and affirmed, in part, by the Board of Review on September 7, 2017. The Board of Review reversed the Office of Judges' Order insofar as it granted temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] The decision closing the claim for temporary total disability benefits is not on appeal before this Court.

1

Mr. Shaeffer, a coal miner, was injured in the course of his employment on March 15, 2016, when he tripped, fell, and caught himself with his right arm. Treatment notes from Wheeling Hospital emergency department that day indicate Mr. Shaeffer was treated for a work injury to his right shoulder and lower back. An x-ray of the right shoulder showed advanced arthritis of the glenohumeral joint. X-rays of the lumbar spine showed arthritic changes at the sacroiliac joint and degenerative disc disease. Mr. Shaeffer was diagnosed with acute right shoulder injury and acute back strain.

Prior to the compensable injury, Mr. Shaeffer had a long history of right shoulder problems. Treatment notes from Ford City Family Practice dated August 13, 2003, indicate Mr. Shaeffer was treated for right shoulder pain. On August 9, 2008, Bert Hepner, D.O., indicated in a treatment note that Mr. Shaeffer injured his left shoulder while lifting weights and also suffered from bilateral shoulder pain. There was radiographic evidence of degenerative changes of the acromioclavicular joint and glenohumeral joint. The diagnosis was sprain/strain of the left shoulder acromioclavicular joint with subacromial bursitis. August 1, 2011, treatment notes by William McCann, D.O., indicate Mr. Shaeffer was again treated for right shoulder pain. On August 31, 2011, Dr. Hepner noted that Mr. Shaeffer was seen for right shoulder pain. He was diagnosed with advanced degenerative joint disease of the right shoulder. A treatment note by Ford City Family Practice on April 10, 2012, indicates Mr. Shaeffer was diagnosed with osteoarthritis and degenerative joint disease. Finally, Dr. Hepner diagnosed advanced degenerative joint disease of the right shoulder on June 22, 2012.

Following the compensable injury, a treatment note by Ross Tennant, nurse practitioner at Wheeling Hospital, indicates Mr. Shaeffer returned on March 25, 2016, with right shoulder pain, intermittent numbness, and tingling in the hand. Range of motion had slightly improved but the shoulder was still weak. The diagnosis was right shoulder sprain, and a right shoulder MRI was recommended. The MRI was performed on March 30, 2016, and showed severe osteoarthritis with degenerative tearing of the glenoid labrum and a small glenohumeral joint effusion. It also showed acromioclavicular joint degenerative changes with mild bursitis. Mr. Tennant reviewed the MRI, referred the claimant to an orthopedist, and stated that he remained unable to work on April 1, 2016.

A May 5, 2016, treatment note by Nathan Formaini, D.O., indicates Mr. Shaeffer reported some minor right shoulder pain in the past; however, since the compensable injury, he had experienced significant pain. Dr. Formaini noted that Mr. Shaeffer had a known diagnosis of osteoarthritis in the right shoulder but that this was the first time he has had major problems with it. The MRI was reviewed and interpreted as showing severe degenerative changes, complete obliteration of the joint space, subchondral sclerosis, osteophyte formation, partial tearing of the supraspinatus and infraspinatus, joint effusion, and bicep tendon partial tear with tenosynovitis. Dr. Formaini diagnosed severe glenohumeral osteoarthritis exacerbation and a decline in functional status following a work injury. He recommended a right shoulder total arthroplasty/replacement which he performed on May 19, 2016. The pre and post-operative diagnoses were severe right shoulder glenohumeral osteoarthritis and right shoulder biceps tear with tenosynovitis.

Mr. Shaeffer testified in a deposition on June 16, 2016, that he was carrying a bundle of six foot long bolts when he tripped and caught himself with his right arm. He stated that he felt pain instantly in his right shoulder and went to Wheeling Hospital. He underwent right shoulder surgery on May 19, 2016, and was currently in physical therapy. Mr. Shaeffer denied any prior right shoulder injuries but admitted to prior aches and pains.

The Office of Judges held the claim compensable for right shoulder sprain and lumbar sprain. On August 24, 2016, Dr. Formaini completed a diagnosis update in which he requested that right shoulder osteoarthritis be added to the claim. He stated that prior to the compensable injury, Mr. Shaeffer had osteoarthritis in the right shoulder without significant limitations, and he did not miss work. After the compensable injury, he has experienced worsening pain and loss of range of motion. Dr. Formaini stated on an attending physician benefit form that Mr. Shaeffer was not at maximum medical improvement and would be temporarily and totally disabled from March 15, 2016, through November 11, 2016.

Ronald Fadel, M.D., completed a physician review on December 4, 2016, in which he opined that Mr. Shaeffer's compensable injury did not cause the development of right shoulder osteoarthritis. Dr. Fadel found that there was no objective post-injury evidence to show an aggravation of a preexisting condition because the symptoms of pain and limited range of motion were present both before and after the injury. Dr. Fadel believed Mr. Shaeffer sustained an exacerbation or flare up of right shoulder pain, dysfunction, and range of motion limitations as he had in the past. He found that it was impossible to conclude whether Mr. Shaeffer sustained a permanent aggravation or worsening of his preexisting right shoulder disease because the usual course of conservative treatment was skipped in favor of surgery. Dr. Fadel did believe, however, that Mr. Shaeffer was a candidate for the surgery as far back as 2011. He also stated that if there was an exacerbation of his preexisting osteoarthritis, Mr. Shaeffer would have been temporarily and totally disabled for four to twelve weeks. He found that he would not have been temporarily and totally disabled past September 28, 2016, if he had received palliative treatment for the compensable sprain/strain only.

On September 28, 2016, the claims administrator denied a request to add right shoulder osteoarthritis as a compensable condition in the claim, denied right shoulder physical therapy two times a week for three months, and closed the claim for temporary total disability benefits. On February 22, 2017, the Office of Judges affirmed the claims administrator's decisions denying the addition of right shoulder osteoarthritis and authorization for physical therapy. The Office of Judges reversed the claims administrator's decision closing the claim for temporary total disability benefits and granted benefits from the date Mr. Shaeffer stopped receiving them until the claim was closed using proper procedure.

The Office of Judges found that in regards to the right shoulder osteoarthritis, Mr. Shaeffer had symptoms dating back to at least August 13, 2003. In 2008, he had bilateral shoulder pain. In 2011, he was diagnosed with right shoulder severe degenerative joint disease with obliteration of the joint space and osteophyte formation. In 2012, he was again diagnosed with severe degenerative joint disease in the right shoulder. The Office of Judges further determined that x-rays taken on the date of the compensable injury showed advanced

osteoarthritis of the right shoulder. An MRI taken two weeks later also showed severe osteoarthritis as well as degenerative tearing and changes. Lastly, the Office of Judges noted that Dr. Formaini noted on May 5, 2016, and August 24, 2016, that Mr. Shaeffer had osteoarthritis prior to the compensable injury. The Office of Judges concluded, pursuant to *Gill v. City of Charleston*, 236 W.Va. 737, 783 S.E.2d 857 (2016), that right shoulder osteoarthritis should not be added to the claim because it preexisted the compensable injury and was not a discreet new injury.

In regard to physical therapy, the Office of Judges found that the claimant failed to provide sufficient evidence showing the physical therapy is necessary for the compensable injury. The physical therapy was requested following the right shoulder total arthroplasty and Mr. Shaeffer failed to prove by a preponderance of the evidence that the right shoulder surgery was necessary for the compensable right shoulder sprain.

In regard to temporary total disability, the Office of Judges reversed the claims administrator's decision because the claims administrator failed to follow proper procedural mandates for closing a claim. Specifically, it failed to allow Mr. Shaeffer a reasonable period of time to introduce medical evidence that he was still temporarily and totally disabled. The Office of Judges therefore reversed the claims administrator's decision and granted temporary total disability benefits from the date the claim was improperly closed until it could be properly closed.

On September 7, 2017, the Board of Review affirmed the Office of Judges' Order insofar as it denied osteoarthritis as a compensable condition and denied physical therapy. The Board of Review reversed the Office of Judges' Order insofar as it authorized temporary total disability benefits until the claim was properly closed. The Board of Review found that though proper procedure was not followed, Mr. Shaeffer is not entitled to temporary total disability benefits under West Virginia Code 23-4-1c(c) (2009). The medical evidence did not justify the payment of such benefits after September 28, 2016.

After review, we agree with the reasoning and conclusions of the Board of Review. The claim has been held compensable for lumbar and right shoulder sprains/strains only. Mr. Shaeffer clearly suffered from osteoarthritis prior to the compensable injury. The condition was therefore properly denied. Physical therapy for that same non-compensable condition was also properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 7, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker